### Theodule Fazende *v.* John Hagan.

Where, in an action to rescind the sale of a slave, it is proved that he ran away within two months after the sale, plaintiff will not be required to show that the vice existed before the sale, nor to allege or prove that the slave had been less than eight months in the State. Act 2 January, 1834, §3. It is for the defendant to allege and prove that the slave has been more than eight months in the State.

In an action of rescission by the purchaser of a slave, plaintiff must prove a tender of him to defendant.

Appeal from the District Court of the First District, *Buchanan,* J. The plaintiff sued to rescind the sale of a slave, warrented free from all redhibitory defects, on the ground that he " was in the habit of running away, and had been in that habit previous to the sale." Tender of the slave was alleged, as well as the refusal of the defendant to receive him or to return the price. The notarial act of sale was annexed to the petition. A judgment by default having been taken, on an application to confirm it, one Fortier testified, that the slave, a boy of about ten years of age, ran away about twenty days after the sale ; that he was found at the negro-yard of the defendant, a slave trader ; that the plaintiff, on finding the boy there, told defendant that he did not want him, but that the defendant must take him back, as he had run away, and would not stay with him ; that defendant replied, that the plaintiff had purchased the boy, and must keep him ; that plaintiff took the boy, who, in about ten or fifteen days after, again ran away, and was drowned. D'Orgenoy, another witness, testified, that the boy ran away about twenty or

twenty five days after plaintiff purchased him ; that a few days afterwards he was taken, and, in about fifteen days after this, started to run away a second time, when he was drowned.

The judgment by default was confirmed, and the defendant appealed.

*Vason*, for the plaintiff,

*Roselius*, for the appellant,

MARTIN, J. The defendant is appellant from a judgment in a redhibitory action on the sale of a slave, on the ground of his having run away within twenty days after the purchase. The petition alleges that he was in the habit of running away before the defendant sold him.

There is no evidence of this habit. The slave was ten years old only. He was found in the yard of the defendant, who is a negro trader. The plaintiff claimed the return of the price he had paid, but, on the defendant's urging that the slave had been purchased, he took him back. Afterwards the slave absented himself a second time, and was drowned.

Judgment had been taken by default, and was confirmed in the absence of the defendant.

It appears to us that justice requires that this case should be remanded for further investigation. The petition states the habit of running away *before the sale.* Of this there is not a tittle of evidence, and the plaintiff was not bound to prove the habit, although it was not shown that the slave had been less than eight months in the State. B. & C.'s Dig. 792. 13 La. 51.

The habit of running away in a boy of ten years of age, is supposed to be extremely rare. The boy's absenting himself from his new master, and going to his former, is perhaps not conclusive evidence of an intention to run away, when we are not informed of the duration of that absence, particularly as one of the witnesses does not speak of the length of that absence, and the other generally states it have been for a few days. There is no other evidence of the tender of the slave to the defendant, than may be implied from the declaration of the plaintiff that the defendant must take back the slave, which is said to have been waived, by the plaintiff carrying him home.

It is, therefore, ordered, that the judgment be reversed, and the

case remanded for a new trial, the plaintiff and appellee paying the costs of the appeal.