No. 2178

Second Circuit

FIRST NATIONAL BANK v. TURNER

(April 10, 1926, Opinion and Decree)
(May 7, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes— Par. 207.**

A petition having set forth in full the waiver embodied in a note is equivalent to an allegation that demand, protest and notice had been served under Sections 109 and 110 of Act 64 of 1904.

2. **Louisiana Digest—Bills and Notes— Par. 177.**

An accommodation endorser is bound under Sectons 82 and 109 of Act 64 of 1904 by the waiver of protest and notice embodied in the note.

3. **Louisiana Digest—Bills and Notes— Par. 12, 177.**

A provision in a promissory note that the payee can extend the time of payment without the consent of the endorser is binding upon an accommodation endorser.

4. **Louisiana Digest—Bills and Notes— Par. 234, 238.**

The evidence in a suit against the endorser of a promissory note shows that the holder, a bank, gave the drawer time to pay after maturity but does not establish that the endorsement was not made with the inten-

tion that it should have effect or that the endorser was relieved of payment.

**5.  Louisiana  Digest—Bills , and  Notes— Par. 109, 110, 192. .**

The  obligation  of  each  endorser  on  a promissory note is to pay in full when demand  is  made  and  the  payee  has the  option  to  sue  any  party  for  the full amount.

Appeal  from  the  Second  Judicial  District Court of Louisiana, Parish of Webster, Hon. J. E. Reynolds, Judge.

Action  by  First  National  Bank  of  Minden  against  H.  C.  Turner.   There  was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Drew  and  Drew,  of  Benton,  attorneys  for plaintiff, appellee.

Thomas W. Robertson, of Shreveport, attorney for defendant, appellant.

WEBB. J.   The plaintiff, First National Bank of Minden, Louisiana, payee of a promissory note drawn by the Richie Mercantile Company, Inc., and endorsed by W. D. Richie and H. C. Turner, brings this suit to recover judgment against H. C. Turner.

Plaintiff  alleges  that  it  is  the  holder and owner of the note before maturity for a valuable consideration; that the drawer had been adjudicated a bankrupt; and that from the proceedings in bankruptcy it had received  a  small  amount  which  had  been credited on the note.

That  there  is  embodied  in  the  note  the following stipulation: ,

. "The  makers,  endorsers,  guarantors  and sureties of this note hereby severally waive presentation  for  payment,  demand,  notice of  non-payment  and  protest,  all  pleas  of division  or  discussion,  and  consent  that time of payment may be extended without notice , thereof,  and  in  the  event  of  non-payment at maturity, it is agreed to pay all attorney's fees incurred in the collection of this note, or any portion thereof, including  interest,  which  fees  are  hereby fixed at ten per cent on the amount to be collected."

That after the maturity of the note defendant had acknowledged liability thereon, and had made a payment of five hundred dollars, which had been credited on the note.

The defendant filed an exception of no cause of action, which being referred to the merits defendant answered, pleading defences as will be stated herein.

The judgment of the district court was in favor of the plaintiff and defendant appealed. .

The plaintiff answered the appeal praying that damages be assessed against defendant for a frivolous appeal.

## OPINION

While  there  were  pleas  and  defences made by defendant, we shall consider only those  which  appear  to  be  urged  here, which are:

1.   That the exception of no cause of action  should  be  sustained,  on  the  ground that the plaintiff failed to allege demand for  payment,  protest  and  notice.

2.   That the defendant was an accommodation endorser, to the knowledge of the

payee, and the waiver of demand, etc., was not binding upon him, and he is released for failure to make demand, etc.

3., That payment of the note was extended without the consent of the defendant, and that defendant was released.

4. That the endorsement of defendant was on the representation of plaintiff, payee, that defendant would not be held liable, and that defendant endorsed the note under protest, duress, and under threats of litigation.

5. That no action had been taken by the plaintiff to collect the note from the maker, or other endorser, and the defendant was released.

Considering the defenses and the evidence relative thereto, in the order named:

(1) The petition having set forth in full the waiver embodied in the note, we are of the opinion that this was equivalent to an allegation that demand, protest and notice had been waived. (Secs. 109, 110, Act No. 64 of 1904; Atkins vs. Dixie Fair, 135 La. 622, 65 South. 762.

(2) The defendant, even though an accommodation endorser, was bounded by the waiver of demand, protest and notice embodied in the note.

"Presentation for payment is dispensed with by * * * waiver * * * express or implied."

Sec. 82, Act No. 64 of 1904.

"Notice of dishonor may be waived * * * before the time of giving notice, and the waiver may be express or implied."

Sec. 109, Act No. 64 of 1904.

"A provision in a note that all parties severally waive notice of presentment and protest binds an accommodation endorser as well as all other parties to the note, and the accommodation endorser cannot defend on the ground that he received no notice of presentment and non-payment." Owensborough Sav. Bk. vs. Haynes, 136 S. W. (Ky.) 1004.

(3) The defendant does not allege that the alleged extension was upon a binding agreement, and the evidence does not show that there was any agreement whatever between the payee and maker to extend the time of payment, and this cannot be inferred from the fact that no suit is shown to have been instituted by the payee against the maker, or from the evidence, which indicates that the payee might have collected from the maker an amount in excess of that received under the proceedings in bankruptcy, had a suit been brought. Besides, the note provided that the payee could extend the time of payment without the consent of the endorser, and we are of the opinion that this was binding upon the defendant. Bonart vs. Rabito, 141 La. 970, 76 South. 166.

(4) The evidence as to the circumstances under which defendant endorsed the note, shows that W. D. Richie, an officer of the Richie Mercantile Company, Inc., and the defendant were endorsers on certain notes made by the Richie Mencantile Company, Inc., and in order to liquidate these notes, and possibly other indebtedness due plaintiff by, or for additional amounts advanced to, the Richie Mercantile Company, Inc., the note sued upon was given, and that the negotiations leading up to this note being given and the endorsement of defendant was conducted with defendant by A. F. Dupuy, cashier of

the plaintiff bank, with relation to which the defendant says:

"Q. What did he ever say to you about not having to pay the note?

"A. Well, he just told me, said I am not looking to you for the money, all I want you to do is to endorse, and we will give Richie time to pay it.

\* \* \*

"Q. What was the conversation you had with Mr. Dupuy?

"A. I just said, when he come to me to sign, that, I said, Mr. Dupuy. I had rather die and go to hell than have to sign; he said, Mr. Turner, don't worry, I will wait and give Richie time to pay it; you won't have to pay and I told him under that I would endorse it.

\* \* \*

"Q. Mr. Turner, from your experience in signing notes, you knew that if Bill Richie didn't pay that, you would have it to pay?

"A. Any reasonable man knows that.

"Q. You knew that when you signed the note?

"A. He done that to get me to sign that note.

"Q. Endorsing it means somebody had to pay it?

"A. You are correct."

The evidence establishes that after the maturity of the note, the defendant agreed to pay and that he had made a payment thereon.

Dupuy, the cashier, says that he does not remember having had any such conversation as related by the defendant.

The evidence shows the defendant to be a man of mature years and experience, and while he says he has little education, he was fully aware of the legal significance of his endorsement, and we are of the opinion that the statement as to the payee not looking to him for payment, attributed to the cashier of the bank, when considered in connection with the statement that the drawer would be given time in which to pay, and that the note was given to liquidate, in part, at least, other notes held by the payee on which the defendant was an endorser, is not sufficient to establish that the endorsement was not made with the intention that it should have the effect, known by the defendant, to be attributed to it by law.

(5) The law does not provide that suit against one of the parties to a note shall be a condition precedent to an action against another; the obligation of each endorser is to pay in full when the demand is made upon him, and the payee has the option to sue any party to the note for the full amount. (Farmers & Merchants Bank vs. Davis, 144 La. 534, 80 South. 713.)

For the reasons assigned, we are of the opinion that the defenses set up were not established, and the judgment appealed from is affirmed.

REYNOLDS, J.    Having rendered the judgment of the lower court, is recused.