### MERCHANTS' & FARMERS' BANK & TRUST CO. v. JOHNSON et al.

### No. 1000.

Court of Appeal of Louisiana. First Circuit.

June 8, 1932.

Newman & Jones, of Leesville, for appellant.

Woosley & Cavanaugh, of Leesville, for appellee.

ELLIOTT, J.

Merchants' & Farmers' Bank & Trust Company, domiciled at Leesville, La., brought suit against Sandy Johnson and Mary Johnson, as makers, and A. C. Williams, as indorser, of a note.

The prayer is for judgment against them in solido.

The makers urge no defense, but the indorser appeared and resisted plaintiff's demand against him as such, alleging "that he is released from any obligation of suretyship on the note because of the fact, that the Merchants' & Farmers' Bank & Trust Co. extended the time of payment of the note sued on, without any knowledge or consent on the part of appearer. That as endorser or surety on said note he is relieved from any obligation by the said extension granted to the signers of the note and your appearer specially pleads his release as surety on said note because of the prolongation of the terms to the signers."

There was judgment in favor of plaintiff as prayed for, and A. C. Williams has appealed.

Plaintiff and appellee moves to dismiss, alleging that the judgment appealed from is for the sum of $100, exclusive of interest and attorney's fees, and that this court is without appellate jurisdiction.

The note sued on is annexed to and made part of the petition.

If the amount sued for was $100 and interest, this court would have no jurisdiction, but the demand is for $100 and interest and 10 per cent. thereon in addition as attorney's fees. It is stipulated on the face of the note: "If this note is not paid at maturity and is placed in the hands of an attorney for collection, or suit is instituted thereon, then I, we or either of us, agree to pay an additional 10 per cent of the amount of the principal and interest as attorney's fees."

In Succession of Thomas J. Foster, deceased, 51 La. Ann. 1670, 26 So. 568, the Supreme Court held, on a motion to dismiss: "The fee of the attorney of the mortgage creditor, fixed in the act of mortgage on the amount of the debt, forms part of the demand. It is part of the amount claimed, and inseparable from it in matter of jurisdiction." Mayer v. Stahr, 35 La. Ann. 57, is to the same effect. The attorney's fees in this case are bound to be over $10. It is part of the demand. The motion to dismiss is therefore overruled.

The case was submitted to the lower court and is before this court, upon the following statement of facts: "It is further stipulated and agreed that the plaintiff bank, at the request of Sandy Johnson and Mary Johnson, the makers of the note, agreed to extend the time to them within which to pay the note from February 17th 1931, the maturity of the note, to August 15th 1931, without notice to A. C. Williams, the endorser on the note."

The Civil Code, art. 3063, and Act No. 64 of 1904, § 120, subd. 6, contain provisions on the subject. Section 120, subd. 6, reads as follows: "By an agreement binding upon the holder to extend the time of payment or to postpone the holder's rights to enforce the

instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."

The note contains the following stipulation on its face: "All signers of this note are principals and each of us, as well as endorsers hereon, waive presentation for payment and notice of non-payment, protest and diligence in bringing suit against any party hereto and I, we and each of us consent that the payee herein or owner or holder of this note, may at any time extend the time of payment of this note upon the request of either of the signers of this note, without consulting the other signers, and we authorize any holder hereof to charge the amount of this note or any part thereof which may be unpaid at maturity, to any account which we or either of us may have with any such holder, and that without previous notice, each and every endorser hereon also agreeing to this last stipulation."

The defendant Williams contends that the above stipulation in regard to extending the time of payment of the note upon the request of either of the signers without consulting the other signers does not refer to him as indorser, and that the extension entered into operated to release him from liability. But we think, under the statement taken as a whole, the indorser gave his consent by his indorsement that the payee or holder could at any time extend the time of payment without consulting the indorser. The Civil Code, art. 3063, and O'Banion v. Willis et al., 14 La. App. 638, 129 So. 440, do not prevent parties and indorsers entering into an agreement of the kind stipulated. First National Bank v. Turner, 4 La. App. 219; Bonart v. Rabito, 141 La. 970, 76 So. 166, are decisions based on a similar assent on the part of an indorser.

The judgment appealed from is, in our opinion, correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.