## THOMAS v. LAVIGNE.
### No. 1135.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Reid & Reid, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellee.

MOUTON, Judge.

The attorney's fees claimed by plaintiff form part of the demand and which brings this case within our jurisdiction. Merchants' & Farmers' Bank & Trust Company v. Johnson, 142 So. 158.

Our judgment dismissing the appeal herein taken was therefore erroneous, and is hereby annulled and set aside.

### Merits.

September 1, 1930, plaintiff by authentic act sold an Atwater Kent radio to defendant for $139.20. Defendant paid $39.20 cash on the purchase price, leaving a balance of $100, for which he made his promissory note payable in ten monthly installments.

Defendant having defaulted in his payments, suit is brought by plaintiff for judgment against defendant for $100, with recognition of his vendor's lien, with legal interest, and for attorney's fees. It is not denied that defendant signed the note sued upon nor that the mortgage given on the radio was recorded.

In his answer to the petition, defendant avers, and repeats the averment, that the note was not given for a valid and valuable consideration.

In reconvention, defendant alleges that plaintiff sold him the radio upon a verbal guaranty that it would be in good condition and would give satisfaction. It is also alleged by defendant that the radio never worked properly, and which "fact was made known to plaintiff immediately after defendant had used the radio, which was shortly after delivery." Further, defendant alleges that he paid A. L. Gullege $3.50 to inspect the radio and paid plaintiff $7.50 for a radio mechanic sent to his home to put the radio in working order, and, notwithstanding the above attempt to remedy the radio, it has never worked properly, and that consequently he refused to pay the $100 on the note or any installments. He prays for judgment rejecting plaintiff's demand, and in reconvention against him for the $3.50 and $7.50 spent on the radio and for the $39.20 paid cash on the day of sale.

Judgment was rendered in favor of defendant rejecting the demand and in reconvention for $59.20 for the items above mentioned.

Plaintiff appeals.

It is not specifically alleged in the petition that the sale should be annulled because the radio sold to defendant was affected with any redhibitory vice or defect. The allegations of the defendant's answer and his claim in reconvention show, however, that the avoidance of the sale for a defect or vice in the thing sold was the relief sought by defendant in his pleadings.

The allegations in the answer of defendant are that the note sued upon was without consideration, and, in his reconventional demand, that the demand of the plaintiff for $100, main portion of the purchase price of the radio, should be rejected; that he (defendant) recover $39.20 cash paid on the purchase price and for the recovery of $11 for alleged expenditures he had made on the radio leave no doubt in our mind that the action in reconvention was redhibitory.

There is no allegation in defendant's answer or in his reconventional demand nor proof whatsoever to show that he made a tender of the radio to the plaintiff before or after the suit was filed.

In the case of William Lewis v. Richard S. Morgan, 14 La. Ann. 401, the court held that in the redhibitory action allegation and proof of tender are indispensable to recovery; and, that the tender should be made, if practicable, before the institution of the suit, citing several authorities in support of that doctrine. The defendant has failed to

observe this essential requirement either before or after the suit was filed.

■ In this case, it may be said there was no objection by plaintiff, although urged in his brief, that no previous tender had been made, but such was the situation in the case of Lewis, above cited, as appears in the dissenting opinion of C. J. Merrick, in which, however, it was held that no recovery could be obtained by plaintiff on his redhibitory action. It must therefore be accepted as the well-settled doctrine of our courts that allegation and proof of tender are essential requisites in an action of this character.

In this case it is shown that defendant signed the note and received the radio which was installed in his home for a few days.

In order to defeat the claim of plaintiff for $100, part of the purchase price of the radio, and to entitle defendant to recover $39.20 paid cash on the price, also $11 for expenses on the radio, the redhibitory action of defendant would have to be sustained. The lower court evidently took that view in rendering its judgment.

This judgment must be reversed, as no tender was made herein, and judgment must be rendered for plaintiff, and the demand of defendant in reconvention be rejected.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed, that the demand of defendant in reconvention be rejected; and it is further ordered, adjudged, and decreed that plaintiff have judgment against defendant for the sum of $100, with 8 per cent. per annum interest from September 1, 1930, with attorney's fees at the rate of 15 per centum thereon, as provided for in the note, sued upon; and that defendant pay the costs of this suit.