259 So.2d 337 (1972)
Rodney James McLAIN
v.
Robert E. CUCCIA d/b/a Trade Ville Auto Sales, et al.
No. 4848.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1972.
*338 Richard J. McGinity, Jr., New Orleans, for plaintiff-appellant.
Daniel A. McGovern, IV, New Orleans, for defendant-appellee.
Sidney I. Goldman, New Orleans, for defendant and plaintiff in reconvention and appellee.
Before REGAN, REDMANN and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff sued to rescind his purchase of a used car and to cancel a note and chattel mortgage (of household furnishings) given to a lender (to whom he was referred by the car seller) for a loan used to buy the car. The lender reconvened for judgment on the note and for recognition of the mortgage, making an accommodation comaker also a party defendant-in-reconvention.
On appeal by plaintiff and the co-maker, we amend and affirm the judgment granting the reconventional demand for principal only of the note and recognition of the chattel mortgage; and we set aside that part of the judgment rejecting the main demand for rescission of the sale, and remand.
Appellants agree that the record does not show any connection between seller and lender (not even a commission to seller) which might support treating the lender as if a party to the voidable sale, and treating the note's consideration as the redhibitorily defective car. Thus plaintiff's demand to cancel note and mortgage was properly rejected, and their enforcement in principal only was properly granted, although the amount of the judgment must be slightly further reduced. The trial court evidently followed Gordon Fin. Co. v. Chambliss, 236 So.2d 533 (La.App.1970), cert. denied, 256 La. 869, 239 So.2d 364, to forfeit all interest, R.S. 9:3501, because "late charges" were stipulated in addition to a discount equivalent to 42.42% true interest. A mathematical error failed to deduct in the judgment amount a "late charge" of $4.49, which, the lender agrees, must be eliminated by amendment.
We find the sale rescindable because the "automobile" quickly became unable even to propel itself and, the evidence is, could not be repaired except by replacing the engine. The defect showed itself on each of the first two days after the sale, by the engine's overheating and racing itself. The seller made a good faith effort to remedy the overheating by boiling and rodding-out radiator, etc., but a week later the car stopped altogether after overheating and could not be restarted. Plaintiff towed the car to seller, who refused to allow it to be placed on his lot. Plaintiff then had mechanics inspect the car and, advised of the worthless condition of the engine, returned the car again, leaving it upon or adjacent to the seller's car lot. *339 This suit was filed within three months of the sale.
The seller's principal defense is that the car was sold "as is". These words were printed in the bill of sale form. Louisiana's jurisprudence is that "as is" does not negate the seller's fundamental warranty against vices, C.C. art. 2520, namely that the thing sold is fit for its intended use; Breeden v. General Mtrs. Acc. Corp., 140 So.2d 680 (La.App.1962); Beneficial Fin. Co. of N. O. v. Bienemy, 244 So.2d 275 (La.App.1971). "The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him." C.C. art. 2474. An automobile sold as an automobile (i. e., not as scrap, nor as car body without engine or the like), even though sold "as is", is impliedly warranted usable for transportation.[1] If the car's latent defects at the time of sale are so serious that it cannot be so used, except by replacing its engine, the sale is rescindable by action in redhibition.
The question of tender of return of the car has both procedural and substantive aspects.
Because tender is established by the evidence, we may disregard the procedural question whether tender is still amicable demand, Lewis v. Morgan, 14 La.Ann. 401 (1859), to the lack of which any objection is waived under present law unless pleaded in the dilatory exception, C.C.P. art. 926 (just as under prior law, Woodward-Wight & Co. v. Engel Land & Lbr. Co., 1909, 123 La. 1093, 49 So. 719).
The substantive issue of return is raised by plaintiff's apparent inability to physically return the car, due to his ignorance of its present whereabouts. Defendant testified it has disappeared from the street adjacent to defendant's lot. Plaintiff left the car either on or adjacent to the lot but has not seen it since.
In the case of an ordinary movable, usually return is a matter of substantive justice, if a sale is to be rescinded; and if a purchaser through his own sale of the thing is unable to return it, then, even though earlier tender of return may have been refused, the purchaser cannot have the sale rescinded; Harris v. Halligan, 25 So.2d 11 (La.App.1946). On the other hand, if the car "has perished by a fortuitous event", C.C. art. 2533 provides for such a loss to be borne, if it occurs before the redhibition suit is filed, by the buyer, and, if after suit filed, by the seller. Art. 2536 allows the action to be commenced even after the loss "if that loss was not occasioned by the fault of the purchaser." And art. 2532 provides that the seller always sustains the loss if the thing "has perished through the badness of its quality."
Plaintiff's petition had alleged the car was returned to seller "and remains in [seller's] possession to the best of plaintiff's knowledge." Defendant's answer denied this allegation (as it did every other). Plaintiff's testimony is that he placed the car entirely in seller's lot after closing time. (Seller had, admittedly, refused to allow the car to be towed onto the lot when plaintiff first attempted to return it.) Seller's testimony is that he saw plaintiff with the car, "abandoning" it on the street adjacent to the lot, as seller was "walking out and getting into [my] car and it didn't really dawn on me, it really didn't dawn on me what was happening until about three seconds later that this was who it was, you know." Seller did not speak to plaintiff. "I did nothing. I just got in my automobile and went on home. I felt like this was his automobile and if he wanted to abandon it, he could abandon it. * * * After that, of course, the car stayed on the street [emphasis added], I didn't pay it no mind, then I didn't pay it really no mind, I didn't pay it that much attention, so like I say, it was set back a shade, you know." *340 Seller's testimony does not specify when, but does say that the car has by now disappeared from the street. Plaintiff testifies he has not seen the car since he left it on seller's lot. (Possibly, though improbably, one of seller's salesmen could have moved the car from lot to street, and thus the parties' testimony is not absolutely irreconcilable.)
Because of the circumstance of plaintiff's expectation, alleged in his petition and supported by his testimony, that the car was in seller's possession, we believe it appropriate to remand the case for a determination, insofar as may be shown, of the car's whereabouts or disposition. Ordinarily one trial should suffice and proscribe remand, but we conclude the facts here justify remand.
It is plaintiff's burden to return the car or to show why he should be excused from return, in accordance with C.C. arts. 2532, 2533 and 2536.
Failing to show ability to return or excuse for nonreturn, plaintiff can only recover the $465.14 cost of replacing the car's engine plus expenses, C.C. arts. 2543, 2544 and 2531, not including attorney's fees, which are provided only where the seller has concealed the vice, art. 2545.
Accordingly the judgment appealed from is in part amended and affirmed insofar as it rejects plaintiff's demand against the lender and grants the lender, American Thrift and Finance Plan, Inc. judgment in a principal amount now reduced to $629.07 against plaintiff and Parker Robinson, with 20% attorney's fees and costs and with recognition of chattel mortgage; and the judgment is in part set aside, insofar as it dismissed plaintiff's demand against Robert E. Cuccia, and that demand is remanded for further proceedings consistent with this opinion, with costs of defendant Cuccia and plaintiff to await final disposition.
Amended and affirmed in part; reversed and remanded in part.
NOTES
[1] In fact the sale document here further stated "The above car is in good condition and we do not guarantee."