279 So.2d 221 (1973)
NATIONWIDE FINANCE COMPANY OF GENTILLY, INC.
v.
Florence Southall JONES et al. Albert JONES
v.
Larry RODRIGUEZ d/b/a Larry's Auto Sales.
Nos. 5526, 5527.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1973.
Marion F. Edwards, Gretna, for defendant-appellant.
Schroeder, Kuntz & Miranne, Herman M. Schroeder, New Orleans, for plaintiff-appellee.
Before SAMUEL, GULOTTA and FLEMING, JJ.
*222 GULOTTA, Judge.
This matter involves two consolidated suits. The first is by Nationwide Finance Company, Gentilly, Inc., against Albert Jones and his wife in which plaintiff seeks payment of principal, interest and attorneys' fees for defendant's default on a note made in connection with the purchase of an automobile by Jones. The second suit involves a claim by Jones for the rescission of the sale of the automobile and is directed against Larry Rodriguez d/b/a Larry's Auto Sales for redhibitory defects in the vehicle. The purchase price of the 1965 Pontiac automobile was $488.00. The trial judge rendered a judgment in favor of Nationwide Finance Company and against Jones in the sum of $747.00 plus interest as specified in the note and attorneys' fees subject to a credit of $54.00. A judgment was also rendered in favor of Jones against defendant Rodriguez in the same amount. No appeal has been taken from the judgment in favor of Nationwide. That judgment, therefore, is final.
The only matter before us is the appeal by Rodriguez from the judgment rendered against him and in favor of Jones. We are faced with the question of whether the trial judge properly rescinded the sale because of the redhibitory defect in the vehicle and whether he properly awarded plaintiff reimbursement of the purchase price, as well as interest, attorneys' fees, and costs totaling the same amount for which plaintiff was cast in the judgment in favor of Nationwide.
Defendant seeks a reversal on the grounds that plaintiff failed to carry the burden of proof showing a redhibitory defect sufficient to avoid the sale. LSA-C. C. art. 2520. It is his position that the burden rests upon the plaintiff, and he failed to produce expert testimony to show the defect complained of existed and that it was redhibitory in nature. Defendant further disputes that a tender was made. He additionally insists plaintiff had a duty to minimize the damages and failed to do so.
Plaintiff, on the other hand, contends the automobile was inoperable, and this became evident to the plaintiff within three days from the date of purchase; therefore, under the circumstances, a defect is presumed to exist before purchase. LSA-C.C. art. 2530. Plaintiff reasons that the presumption places the burden upon the defendant to show the defect (the inoperability of the car because the motor failed to run) did not exist at the time the car was purchased. This, plaintiff argues, defendant failed to do. Jones further contends the evidence shows conclusively that he made a tender of the return of the vehicle to the defendant prior to filing the suit in redhibition. Plaintiff insists also that the automobile was allowed to remain in an abandoned and unused state by the defendant resulting in the automobile being impounded and subsequently junked. Under these circumstances, plaintiff argues he cannot be charged with the responsibility of failing to minimize damages.
We consider first the question of tender in a redhibitory action. As we view the jurisprudence, it is well settled that a suit in redhibition will not lie unless a tender of the return of the vehicle is made. In Beneficial Finance Co. of New Orleans v. Bienemy, 244 So.2d 275 (La.App. 4th Cir. 1971), at page 281, the court said:
"Louisiana jurisprudence is well settled that a prerequisite to an action in redhibition is an offer by the buyer, after discovery of the defect, to return the object of the sale and place the parties in the position that they held prior to the transaction. See Byrne v. Ortte, 33 So.2d 209 (La.App.Orl.1948); Womack v. Lafayette Furniture Co., 50 So.2d 843 (La. App.Or.1951), and the cases cited therein. Therefore, in order for third party plaintiff to be successful in this action he must show that such a tender was made within a reasonable time after discovery of the defect in the vehicle."
Tender is a question of fact. In this connection, Jones testified upon learning that the motor had no compression and the *223 cost to repair amounted to $150.00, he asked defendant Rodriguez for a replacement of the automobile. This is not denied or disputed by the defendant. While there is no testimony to the effect that plaintiff physically returned the automobile to defendant, the request for replacement satisfies the requirements of tender under the circumstances. In Lee v. Blanchard, 264 So.2d 364 (La.App. 1st Cir. 1972), the automobile was not returned prior to the action in redhibition; however, tender was made in a letter by counsel for the plaintiff purchaser asking for return of the purchase price. Accordingly, we hold that tender was made in this case.
There is a conflict in the testimony on whether such a serious defect existed as to be the basis for avoidance of the sale and whether the defect, if such, became apparent within three days immediately following the sale, thereby creating a presumption that the defect existed before the sale. LSA-C.C. art. 2530.
According to the testimony of Jones, the automobile became inoperable on the day of the purchase. He called Rodriguez who referred Jones to a mechanic where Jones learned the cost for repairs amounted to $150.00. Upon defendant's refusal to pay for the costs of repair, Jones requested a replacement for the defective automobile. Jones further testified that a testing of the automobile by his own mechanic showed that the motor had no compression and the automobile needed a new motor. Defendant's version, on the other hand, is that the cause of the failure of the automobile to run was in the battery cables, and this was corrected by his employee on the same day that the complaint was made, i. e., the date of purchase. Rodriguez testified it was not until a "few" weeks after the purchase that Jones began having motor trouble. He suggested Jones take the automobile to a mechanic but did not know whether Jones did so. Rodriguez further testified the car "ran perfectly when it left the lot."
While the trial judge assigned no reasons for judgment, he obviously accepted the purchaser's version that the automobile was inoperable, and this became apparent within three days of purchase. In doing so, he placed more credibility on the testimony of the plaintiff than on that of the defendant.
Factual conclusions of a trier of fact are entitled to great weight and should not be disturbed on review absent manifest error, especially when based on evaluation of credibility of contradictory testimony.[1]
However, Rodriguez insists the automobile was sold "as is", and it was running "perfectly" at the time it was sold. Jones understood, according to Rodriguez, that any repairs would be the purchaser's responsibility. While the records reflect, as suggested by defendant, that the automobile was sold "as is", a sale under these conditions will not deprive a purchaser of the right to avoidance of a sale for redhibitory defects. There exists in every sale the seller's warranty against hidden defects in connection with the article sold or its redhibitory defect. This warranty is implied and need not be expressed.[2]
We finally find no merit in defendant's argument that Jones failed to minimize damages. Jones requested replacement and requested repairs, however to no avail. The automobile was inoperable and useless. The fact that the automobile was subsequently impounded and junked cannot be the basis of a complaint of plaintiff's failure to minimize the damage under the circumstances of the instant case. Plaintiff sought to have defendant make repairs and also sought replacement of the defective automobile to no avail.
In the case of Hebert v. Claude Y. Wollfolk Corporation, 176 So.2d 814 (La.App. 3rd Cir. 1965), which involved the rescission of a sale because of redhibitory defects, in a refrigerator truck, the buyer, after tender was rejected, allowed the truck to remain in the yard of an employee *224 deteriorating because of lack of use. The court stated at page 818:
"However, the buyer is not legally responsible for such deterioration due to disuse following the seller's refusal to comply with its legal obligation to accept the return of the defective vehicle, see Port Finance Co. v. Campbell, La.App. 1 Cir., 94 So.2d 891, 895; * * *"
There is nothing in the record to indicate that further demands upon the defendant for repairs or contribution toward repairs would provide plaintiff with relief. On the contrary, defendant stated repairs were the purchaser's responsibility. Under the circumstances, plaintiff cannot be charged with the failure to minimize damages.
Therefore, for the foregoing reasons, we are of the opinion the trial judge properly rendered judgment in favor of plaintiff Jones and against Rodriguez for the return of the purchase price as well as for reimbursement of the expenses accrued by the sale.[3] The judgment is affirmed.
Affirmed.
NOTES
[1] See Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1969).
[2] Womack v. Lafayette Furniture Co., 50 So.2d 843 (Orl.App.1951).
[3] LSA-C.C. art. 2531 reads:

"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."
See also Lee v. Blanchard, 264 So.2d 364 (La.App. 1st Cir. 1972).