MILLER, Judge.
We granted relator Dixie Auto Sales, Inc.’s application for certiorari (and issued a stay order) to review the trial court’s refusal to stay execution of a writ of fieri facias. The fi.fa. was issued at respondent James Arthur Charles’s request to recover the amount awarded him in a judgment which rescinded the sale by which he purchased a used 1965 Mustang automobile from Dixie. The trial court awarded Charles the return of the $650 cash purchase price plus $105.78 which he spent for repairs. The judgment neither ordered Charles to return the Mustang nor relieved him from the obligation to return it. We find that Dixie was entitled to a stay of execution of the fi.fa.
We are called on to interpret a final judgment. Does a judgment rescinding a sale and ordering the return of the purchase price relieve the purchaser from returning the object of the sale? We find that it does not.
The trial court granted “ . . . judgment herein in favor of petitioner, JAMES ARTHUR CHARLES, and against DIXIE AUTO SALES, INC. rescinding the sale and the defendant, Dixie Auto Sales, Inc., is hereby ordered to return the cash purchase price, in the amount of $650.00 and the additional sum of $105.78 as reimbursement of necessary expense of repairs, together with interest from the date of judicial demand and all costs of these proceedings.” There was no holding that Charles was relieved from returning the Mustang.
Dixie decided not to appeal the judgment on the basis that it was satisfied to receive the return of the Mustang. Shortly after expiration of the delays for taking a devol-utive appeal from the judgment rescinding the sale (and without returning .the Mustang), Charles obtained a writ of fi.fa. ordering the City Marshall to seize and sell assets owned by Dixie to satisfy the judgment. Two vehicles were seized under the writ and offered for sale. Dixie then petitioned to enjoin the sale seeking alternatively to be allowed to pay the amount of the judgment into the registry of court with instructions to withhold payment to Charles until he returned the Mustang to Dixie. Tr. 44. The trial court, improperly we find, refused to enjoin the sale. Tr. 4.
*563 Charles argues that the trial court judgment is final since no appeal was taken, and that the trial court cannot alter the content of that judgment. LSA-C.C.P. art. 1951 provides that the trial court may amend the judgment, but only to correct phraseology or errors of calculation, and not errors of substance. Dixie, Charles’ argument continues, had a remedy when confronted by the allegedly erroneous judgment, and that was to appeal. The time limits for appeal having elapsed, Dixie has elected to forego that remedy. Charles argues that since Dixie had an adequate remedy, this case is not an appropriate one for the exercise of supervisory jurisdiction. We find, however, that the judgment contains no ambiguity as to the obligation of Charles to return the car.
 By definition, to rescind a sale is to abrogate it from the beginning and restore the parties to their relative positions which they occupied prior to the sale. Poor v. Hemenway, 221 La. 770, 60 So.2d 310 (1952); Johnson v. H. W. Parson Motors, Inc., 231 So.2d 73 (La.App. 1 Cir. 1970) See also Tharpe v. Tracy, 40 So.2d 509 (La.App. 2 Cir. 1949). Under the judgment rescinding the sale, Dixie is entitled to the return of the Mustang when it returns the $650 cash purchase price. Charles is not entitled .to keep the car and get the return of the purchase price.
It was Charles’s burden to return the car or to show why he should be excused from the return, in accordance with LSA-C.C. arts 2532, 2533 and 2536. McLain v. Cuccia, 259 So.2d 337, 340 (La.App. 4 Cir. 1972). The evidence was not transcribed and the trial court’s written reasons for judgment did not suggest that Charles was to be relieved from returning the Mustang. The trial court judgment did not relieve Charles from the obligation of returning the Mustang and that judgment has become final.
Since Charles has not returned the Mustang to Dixie, Dixie is entitled to its prayer in which it alternatively seeks to be allowed to pay into the registry of court the return of the purchase price. That amount is to be held in the registry of court until Charles returns the Mustang to Dixie. The $105.78 awarded for repairs of the Mustang was not conditioned on the return of the car. The trial court properly held that Charles was entitled to proceed under the writ of fi.fa. to collect that portion of his judgment.
The stay order is recalled. On payment to James Arthur Charles of $105.78 plus interest and court costs and on depositing $650 plus interest into the registry of court, Dixie Auto Sales, Inc. is entitled to enjoin the sale of its assets under the pending writ of fi.fa. The $650 is to be there held until James Arthur Charles returns .the Mustang to Dixie Auto Sales, Inc. Should it be established that Charles cannot return the Mustang, Dixie will then be entitled to the return of the $650. All costs attributable to this application for writs both in the trial court and this court are taxed to James Arthur Charles.
Trial court judgment amended.