353 So.2d 407 (1977)
Dr. Stephen H. HELLMAN
v.
H. J. COMEAUX and H. J. Comeaux Realty Co., Inc.
No. 8607.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
*408 Wayne M. LeBlanc, Metairie, for defendants-appellees.
Gaidry & Sundbery, Edward James Gaidry, Houma, for plaintiff-appellant.
Before REDMANN, SCHOTT and BEER, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his suit for a reduction of the purchase price he paid defendants for an automobile allegedly containing redhibitory vices.
On August 14, 1975, plaintiff purchased a 1973 Cadillac automobile from defendants for $5,000. The bill of sale contained the provision "Sold as is." On August 16 plaintiff's wife picked up the automobile at defendant's home in Metairie, Louisiana, and drove toward her residence in Houma. When she reached Raceland, about 40 miles from Metairie, the automobile began to vibrate and this continued as she proceeded about 100 feet farther, whereupon she pulled to the side of the road and turned off the motor. The car would not start again and it was towed to a service station in Raceland where the starter motor was replaced. The car still would not start so that it was towed to the Cadillac dealer in Houma.
The dealer's service manager was qualified as an expert in all types of automotive repair work except transmission and front ends. When the cylinder head was removed from the engine he found that a valve head was lying on top of the piston, the cylinder wall on that particular cylinder was scored and the valve head was scored. He opined that the valve stem had stuck in the valve guide causing the piston to hit the valve face and break it off. In his opinion, the most probable cause of the valve sticking was improper lubrication. An entire new engine assembly was installed in the automobile at a cost of $1701.08.
Plaintiff testified that a day or two after he picked up the automobile, when this work was done, trouble with the transmission developed so that the automobile would not move, and he brought it back to the Cadillac dealer. Plaintiff testified that he had driven the car in the interim on short errands in Houma and for a distance of 80 miles from Houma to Morgan City and return.
The service manager of the dealer testified that in his opinion the transmission trouble was caused by coolant from the radiator leaking into the transmission diluting the transmission fluid. A bill was incurred for this second repair job consisting of overhauling the transmission in the amount of $676.15.
The invoices from the dealer show that the mileage on the Cadillac when it was brought in the first time was 40,156 miles and on the second time on September 29, 1975, was 40,331 miles.
The first question is whether under these circumstances plaintiff is entitled to an action in redhibition under LSA-C.C. Arts. 2520 et seq. Ordinarily the buyer must prove that the redhibitory vice existed before the sale was made to him but when the vice makes its appearance within three days *409 immediately following the sale it is presumed to have existed before the sale. C.C. Art. 2530. Thus, in the case of the broken valve stem and resulting damage to the engine, the burden of proof was on defendants to prove that it did not exist at the time of the sale.
The only evidence for defendants was the testimony of defendant Comeaux who said that he had performed the usual maintenance on the car including regular oil changes and grease jobs and had no knowledge of any problems or difficulties with the automobile. While his testimony tended to establish that he did not know about the vice, it does not rebut the statutory presumption that the vice existed before the sale. We have concluded that plaintiff is entitled to a reduction of the purchase price based on a broken valve stem.
As to the overhaul of the transmission the presumption established by Art. 2530 does not apply. Based on the bills of the Cadillac dealer the automobile was not brought in for that work until over a month after the plaintiff's purchase and the automobile had been driven almost 200 miles. The only expert called by plaintiff specifically excluded himself as an expert on transmissions and did not testify that the leaking of the coolant into the transmission was the result of the initial breakdown or of the work done by the dealer to replace the engine assembly. Plaintiff had the burden to prove that this vice existed at the time of the sale. He does not have the benefit of the presumption and did not carry his burden of proof in this respect.
Finally, defendants contend that they are insulated from liability because the bill of sale contained "Sold as is." Considering that the vice in the engine was far more than the kind of minor repairs one might expect in buying a used car but in fact rendered the automobile inoperable, this inclusion of words "Sold as is" does not deprive plaintiff of the fundamental warranty provided by the Civil Code. Nationwide Finance Co. of Gentilly, Inc. v. Jones, 279 So.2d 221 (La.App. 4th Cir. 1973); Juneau v. Bob McKinnon Chevrolet Company, 260 So.2d 919 (La.App. 4th Cir. 1972); McLain v. Cuccia, 259 So.2d 337 (La.App. 4th Cir. 1972).
Plaintiff incurred an expense with the service station in Raceland for replacement of the starter and towing in the amount of $79.77, which he is entitled to recover. As to the bill for replacement of the engine assembly, it includes an amount of $45.00 for towing the automobile from Raceland to Houma, which plaintiff is entitled to recover. As to the charge of $1701.08, the result of this work was to provide plaintiff with a brand new engine replacing the previous engine which was two years old and had approximately 40,000 miles of service. Plaintiff is not entitled to be placed in a better position than he originally bargained for, and we have concluded that an award of $600.00 out of this charge of $1701.08 will be just under the circumstances.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of plaintiff, Stephen H. Hellman, and against defendants, H. J. Comeaux Realty Co., Inc. and Harold J. Comeaux, jointly and in solido, in the sum of $724.77 with legal interest from October 21, 1975, until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.