CHIASSON, Judge.
Plaintiff-appellant, Bamber Contractors, Inc., appeals the trial court’s denial of its redhibitory action against defendants-ap-pellees, Henderson Brothers, Inc. and McLeod Brothers Contractors.
Appellant purchased a used eight year old Caterpillar DC-6 Crawler tractor, Serial No. 10K-588, owned by McLeod Brothers Contractors at an auction sale conducted by Henderson Brothers, Inc. Appellant operated this equipment for 359 hours before major repairs were needed. Appellant contends that the mechanical problems he had with the transmission, the torque converter and the steering clutches, which manifested themselves within the first 13’A hours of operation, constitute redhibitory defects and seeks a reduction in the purchase price of the equipment.
Appellant paid $26,512.56 for the DC-6 Crawler to Henderson on September 4, 1975. On March 23, 1976, appellant was informed of the needed repairs which were subsequently performed at the cost of $17,-000.00. The tractor was thereafter sold at another auction for $26,500.00.
The facts as established by the record are that appellant picked up the Caterpillar tractor on September 20,1975 and hauled it to a jobsite in Denham Springs where the fuel and oil levels in the tractor were checked. Appellant at this time discovered that the oil in the transmission was black and therefore dirty, but made no effort to change it. Two days thereafter appellant used the tractor to spread dirt for three and a half (3V2) hours during which time it performed satisfactorily. Upon its next use on October 2,1975, the tractor operated for ten (10) hours without any problems and then a slippage in the transmission developed. To remedy this problem, appellant changed the transmission oil and filter.
Thereafter, appellant continued to use the tractor finding its operation to be completely normal with the exception that from time to time, after several hours of operation, that the transmission control lever would jump out of gear. Appellant’s employees would continue to operate the tractor in this condition until it would overheat and quit running. After operating the tractor for one hundred (100) hours in this manner, appellant had a mechanic check the tractor on November 12, 1975. The mechanic did not testify, but the invoice reflected that the transmission oil pump was replaced at this time. Another invoice dated February 24, 1976, indicates that the transmission oil pump was again replaced along with a scavenger pump for the torque converter. On March 23, 1976, a mechanic advised appellant the tractor would have to be transported to the shop for repairs. The transmission was completely dismantled at the shop and the service manager, Mr. Simmons, reported to appellant that, “the repairs needed on your machine are evident of long normal wear.” Mr. Simmons was recognized by the trial court as an expert and testified that if such a piece of machinery were to get hot and the transmission began slipping, the continued operation of the *94 equipment under these conditions would likely result in substantial damage to the transmission.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold. La.C.C. art. 2520. Whether the defect in the thing sold renders it useless or merely diminishes its value, the buyer may limit his demand to the reduction of the price. La.C.C. art. 2541. Plaintiff in a redhibitory action must prove that the vice or defect existed before the sale was made to him. La.C.C. art. 2530.
The warranty created by La.C.C. arts. 2475 and 2476 against redhibitory defects applies to the sale of used equipment. Hellman v. Comeaux, 353 So.2d 407 (La.App. 4th Cir. 1977).
The warranty against redhibitory defects in sales of used equipment is not as extensive as in sales of new equipment but it does require that the equipment operate reasonably well for a reasonable period of time. Hob’s Refrigeration & Air Conditioning, Inc. v. Poche, 304 So.2d 326 (La.1974); Richardson v. French, 253 So.2d 602 (La.App. 2nd Cir. 1971).
We concur with the trial judge’s holding that appellant failed to meet its burden of proof. Appellant failed to establish by a preponderance of the evidence that a vice or defect existed before or at the time of the sale. The showing that major repairs were needed some six (6) months and 359 hours of operation after the sale cannot be related back to the date of the sale from the record before us. This is especially true in view of the evidence of improper maintenance and abuse of the equipment by appellant for an extended period of time after the sale.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.