402 So.2d 152 (1981)
Nancy J. LEE
v.
Jim SHAW, d/b/a Scenic Auto Sales.
No. 14215.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*153 Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant.
Johnnie Matthews, Baton Rouge, for defendant.
Jay O. Brown, Baton Rouge, for defendant-appellee.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action to rescind a sale of a used car for redhibition. The trial court granted reduction of the purchase price. We amend to rescind the sale, and affirm.
Bernadin Lee Walls, accompanied by her sister, Nancy J. Lee, and boyfriend stopped at Scenic Sales, owned by defendant Jim Shaw, to buy a car. Bernadin Lee Walls explains she was looking for a "good used car" and saw several cars. Bernadin Walls was favorably impressed with a 1970 Dodge Monaco, because it sold for less than $1,000. Her boyfriend test-drove the car and found it to be in good condition. Bernadin Walls agreed to buy the car for $450, of which she would pay $300 in cash. She gave them $290, and upon being told she could not buy the car because she was a minor, she got her sister, Nancy J. Lee, to sign the bill of sale. The used car salesman also got the sister to sign a document indicating that the car was sold without warranty "As Is". Bernadin Walls returned to the used car lot and paid the additional $10.
Bernadin Walls brought the car to her mother. Her mother drove the car the next day and discovered the car would not start, and that when the car was started, the transmission failed to shift. Also, the door on the driver's side would not operate from the outside and one windshield wiper would not work. The mother, according to her testimony which appears highly credible, immediately brought the car back to the used car sales lot and demanded her daughter's money back. The salesman refused. The car was left at the lot and remained there until date of trial, about a year later.
The trial court refused to rescind the sale and granted reduction of the purchase price by the sum of the $150 not paid in the down payment.
The first problem confronting this court is procedural. The suit was originally brought by Nancy J. Lee, the sister who signed the bill of sale. The original trial judge after partial trial (a different judge finally tried the case in full) instructed counsel for plaintiff to amend the petition to name the tutrix of Bernadin Lee Walls, Cora Lee, as plaintiff. The petition was so amended, and the matter was then retried, as indicated, before a different trial judge, as though ab initio. We find the petition as originally filed was proper, and required no amendment, as the bill of sale indicated Nancy J. Lee was vendee. Nevertheless, this court has held that substantial justice is to be done in matters touching upon substitution of parties plaintiff. Nettles v. Great American Insurance Co., 155 So.2d 87 (La. App. 1st Cir. 1963), cert. denied 244 La. 1024, 156 So.2d 227 (1963). As plaintiffs, original and substituted, were represented by the same counsel, we believe justice may easily be done by deciding the case on the basis of the record made before and after substitution of plaintiff now before us.
The transmission on the car did not shift. Thus, the car was virtually inoperable. The trial court merely reduced the purchase price. We find the sale was subject to rescission, and the purchase price returnable as the defect rendered the car useless, or at least, so inconvenient and imperfect it would not have been purchased had the buyer known of the defect. LSA-C.C. art. 2520. The vice, the defective transmission, became apparent within three *154 days of the sale, and, thus, the burden of proof was on defendant to prove the defect did not exist at the time of sale. LSA-C.C. art. 2530; Hellman v. Comeaux, 353 So.2d 407 (La.App. 4th Cir. 1977). Defendant failed to discharge that burden.
It is quite true that the instrument executed ancillary to the bill of sale indicated the car was sold "As Is." However, if a defect occasions more than minor repairs, the buyer is not deprived of the fundamental warranty existing under the Civil Code. The following language in Hellman v. Comeaux, supra, is pertinent:
"Finally, defendants contend that they are insulated from liability because the bill of sale contained `Sold as is.' Considering that the vice in the engine was far more than the kind of minor repairs one might expect in buying a used car but in fact rendered the automobile inoperable, this inclusion of words `Sold as is' does not deprive plaintiff of the fundamental warranty provided by the Civil Code. Nationwide Finance Co. of Gentilly, Inc. v. Jones, 279 So.2d 221 (La.App. 4th Cir. 1973); Juneau v. Bob McKinnon Chevrolet Company, 260 So.2d 919 (La. App. 4th Cir. 1972); McLain v. Cuccia, 259 So.2d 337 (La.App. 4th Cir. 1972)."
(353 So.2d 407, 409)
Plaintiff seeks attorney's fees. However, attorney's fees may be awarded only if the seller knew of the defect at the time of sale. LSA-C.C. art. 2545. A manufacturer is presumed to know of the defect. Rey v. Cuccia, 298 So.2d 840 (La.1974). However, it appears from Rey that the knowledge of a seller must be proved or inferred from the facts. Plaintiff has introduced no evidence to prove or suggest defendant knew of the vices in the car. Hence, we deny attorney's fees.
We declare the sale of the 1970 Dodge Monaco rescinded, and order restitution of the down payment to plaintiff, all costs to be paid by defendant.
AMENDED AND AFFIRMED.